JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Neil Castaldi ("Castaldi"), appeals from the decision of the trial court which granted plaintiff-appellee's, A. LoPresti Sons, Inc.'s ("ALPS"), motion for summary judgment on its claim to enforce the agreed judgment personally guaranteed by Castaldi. For the reasons that follow, we affirm.
 {¶ 2} In September 2004, ALPS extended a line of credit to Cleveland Italia, Inc. This line of credit was personally guaranteed by Castaldi's sister, Josephine. Castaldi, however, was not a personal guarantor on the line of credit from ALPS.
 {¶ 3} ALPS later commenced an action in Cuyahoga County Court of Common Pleas against Cleveland Italia and Josephine to collect an alleged debt owed to it on the line of credit, which is Case No. CV-569548. Castaldi was never a party to that action.
 {¶ 4} On January 3, 2006, Castaldi, signed an agreed judgment entry, whereby he personally and unconditionally guaranteed the full and prompt payment of a debt owed by his corporation, Cleveland Italia, Inc., to ALPS. In exchange, ALPS dismissed its claims against Josephine. According to Castaldi's appellate brief, Cleveland Italia, Inc. is now a defunct corporation.
 {¶ 5} On July 12, 2006, ALPS commenced the instant action against Castaldi to enforce his obligations under the agreed judgment entry filed in Case No. CV-569548. *Page 4 
 {¶ 6} In answering ALPS's complaint, Castaldi admitted both that his corporation entered the agreed judgment entry and that he personally guaranteed its payment to ALPS. However, he additionally alleged: "unfortunately, he [Castaldi] was personally discharged in Bankruptcy — U.S. District Court of North Carolina in Case No.: 05-33893, a Chapter 7 Filing and Discharge, that as a result, the estate being classified as a `NO ASSET' estate, discharges the debt as well and thus the personal guarantee signed by the Defendant, is null and void." R. 5,¶2, 4, and 6.
 {¶ 7} According to the record, Castaldi had filed a Chapter 7 bankruptcy in North Carolina on September 19, 2005. Although he had no personal obligation on the line of credit extended by ALPS to Cleveland Italia, he listed ALPS as an unsecured, nonpriority creditor on Schedule F of his bankruptcy petition.
 {¶ 8} Approximately two weeks after he voluntarily agreed to personally guarantee the debt of Cleveland Italia to ALPS, Castaldi received his discharge in bankruptcy. Castaldi contends that he has successfully extinguished both the corporate debt and any personal liability for it because he listed ALPS on his bankruptcy petition, then later voluntarily assumed personal liability for the corporate debt, and subsequently received a discharge on his bankruptcy petition.
 {¶ 9} ALPS moved for summary judgment arguing that Castaldi's liability on the debt to ALPS accrued post-petition and therefore was not discharged by his bankruptcy. *Page 5 
 {¶ 10} The trial court granted ALPS's motion for summary judgment, from which Castaldi now appeals and raises one assignment of error for our review.
 {¶ 11} "I. The trial court erred to the prejudice of appellant in granting summary judgment to appellee."
 {¶ 12} The dispositive issue before this Court is whether Castaldi's individual liability for the debt his corporation, Cleveland Italia, owed to ALPS arose pre-or post-petition. In the case of the former, it would have been discharged as a consequence of his bankruptcy. In the case of the latter, it was not. 11 USCS § 727(b) provides:
 {¶ 13} "(b) Except as provided in section 523 of this title [11 USCS § 523], a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter [11 USCS §§ 701 et seq.], and any liability on a claim that is determined under section 502 of this title [11 USCS § 502] as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title [11 USCS § 501], and whether or not a claim based on any such debt or liability is allowed under section 502 of this title [11 USCS § 502]."
 {¶ 14} Although Castaldi listed ALPS as an unsecured, nonpriority creditor on Schedule F to his Chapter 7 bankruptcy petition, ALPS was a creditor of Cleveland Italia on a line of credit extended to it and which was a debt personally guaranteed, at that time, only by his sister and not him. *Page 6 
 {¶ 15} "Corporations are not individuals entitled to receive a discharge under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 727(a)(1) (`The court shall grant the debtor a discharge unless — (1) the debtor is not an individual * * *') HR Rep. No. 595, 95th
Cong.,1st Sess. 384-385 (1977); S.Rep. No. 909, 95th Cong.,2d Sess. 98099 (1978) (reporting that the law was changed to prevent corporations from obtaining a Chapter 7 discharge to avoid trafficking in corporate shells and bankrupt partnerships);Friedman v. Commissioner (C.A.6, 2000), 216 F.3d 537, 548 n. 7 (`New Manchester, as a corporate debtor, cannot obtain a "discharge" under the chapter 7 petition it filed with the Bankruptcy Court * * *'); NLRB v.Better Bldg. Supply Corp. (C.A.9, 1988), 837 F.2d 377, 378-79 (same)."In re: Charles Edwards Enterprises, Inc. (2006), 344 B.R. 788, 790.
 {¶ 16} Despite Castaldi's bankruptcy, the debt Cleveland Italia owed to ALPS would not and could not be discharged by him.
 {¶ 17} Therefore, the only potential pre-petition individual liability Castaldi could have possibly had on the line of credit extended by ALPS to Cleveland Italia was by virtue of an action to pierce the corporate veil.[1] There is no evidence that ALPS did, or ever intended to, pursue Castaldi individually for the liabilities of his *Page 7 
corporation in an action to "pierce the corporate veil" as an alter ego of his corporation. If ALPS was seeking to hold Castaldi liable on the corporate debt by virtue of an alter-ego theory, then Castaldi's bankruptcy discharge defense would have some merit. That is not the case.
 {¶ 18} Castaldi's individual liability to ALPS here is the consequence of Castaldi's post-petition conduct of voluntarily entering and executing a personal guarantee of Cleveland Italia's debt through the January 3, 2006 agreed judgment entry. Executing a personal guarantee of the corporate debt was not akin to voluntarily agreeing to pay an otherwise dischargeable debt. Once again, the debt was one owed by the corporation and not Castaldi. Castaldi entered an agreement "unconditionally" guaranteeing Cleveland Italia's payments about two weeks before receiving his bankruptcy discharge. We assume Castaldi understood what he was doing and that he intended to make the payments if Cleveland Italia defaulted. Accordingly, Castaldi's individual liability to ALPS arose post-petition and was not extinguished by the January 18, 2006 bankruptcy discharge.
 {¶ 19} Castaldi's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, ADMINISTRATIVE JUDGE
CHRISTINE T. McMONAGLE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] It is a fundamental rule of Ohio corporate law, however, that "normally, shareholders, officers, and directors are not liable for the debts of the corporation." Belvedere Condominium Unit Owners' Ass'n v.R.E. Roark Cos., 67 Ohio St.3d 274, 287, 617 N.E.2d 1075, 1993-Ohio-119. Under limited circumstances, a person may "pierce the corporate veil." Id. *Page 1